UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND PAOLO, individually and<br>As fiduciary of the Log On America, Inc.<br>401(k) Plan<br><br>Defendant. | CIVIL ACTION<br>FILE NO.<br><br>CA 05 344 T |

COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

I.

(1) This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and is brought to obtain equitable relief, to redress violations, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C., §§ 1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Rhode Island pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

II.

(4) Log On America, Inc., during the pertinent period of January 1, 2000 through about December 31, 2002, was an employer within the meaning of ERISA § 3(5), 29 U.S.C. §1002(5), and a corporation having an office and place of business at One Cookson Place and 3 Regency Plaza, Providence, Rhode Island within the jurisdiction of this Court.

(5) Log On America, Inc. filed for protection under the bankruptcy code in the U.S. Bankruptcy Court for the District of Delaware on or about July 12, 2002. That bankruptcy proceeding was converted to a Chapter 7 liquidation on or about October 17, 2002.

(6) At all relevant times, Raymond Paolo was Executive Vice President and Chief Administrative Officer of Log On America, Inc.

(7) The Log On America, Inc. 401(k) Plan ("the Plan"), is an employee benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

(8) Log On America, Inc. is the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i).

(9) At all relevant times, Log On America, Inc. was the Plan Administrator of the Plan as defined by ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). As Plan Administrator, Log On America, Inc. was a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Moreover, as Plan Administrator, Log On America, Inc. exercised authority or control respecting management of the Plan, and also

exercised discretionary authority and responsibility in the administration of the Plan. Such exercise of authority or control in the management of the Plan and discretionary authority and responsibility in the administration of the Plan also made Log On America, Inc. a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(10) The Plan was funded through primarily employee and some employer contributions.

(11) Employees contributed to the Plan through salary deferrals.

(12) At all relevant times, Raymond Paolo was a trustee of the Plan.

(13) As a trustee of the Plan, Raymond Paolo was and remains a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(14) As a trustee of the Plan, Raymond Paolo had, and continues to have, fiduciary responsibilities to the Plan and its participants and beneficiaries. Such responsibilities include, but are not limited to, managing Plan assets and taking prudent measures to protect Plan assets as well as taking prudent measures to recover any missing assets belonging to the Plan.

(15) At all relevant times, as a fiduciary to the Plan, named Plan Administrator, and employer of employees covered under the Plan, Log On America, Inc. was a "party in interest" to the Plan within the meaning of section 3(14)(A) and (C) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

III.

(16) Defendant Raymond Paolo was responsible for ensuring that employee contributions that were deducted from Log On America Inc.'s payroll were forwarded to the Plan.

(17) Between about January 2000 and December 2002, Defendant Raymond Paolo caused or permitted to be withheld, $23,317.08 in employee contributions that were never remitted to the Plan.

IV.

(18) Pursuant to ERISA Regulations, employee withholdings designated for contribution to an ERISA plan become assets of that plan as soon as they can be reasonably segregated from the assets of the employer and in no event later than 15 (fifteen) business days following the month in which the monies were withheld from employee compensation. ERISA Regulation 29 C.F.R. Ch. XXV § 2510.3-102.

(19) Log On America, Inc. failed to forward to the Plan employee salary deferrals designated for contribution to the Plan.

(20) Defendant Raymond Paolo failed to take prudent or effective measures to ensure that all employee contributions to the Plan were forwarded to the Plan.

(21) Defendant Raymond Paolo failed to take prudent or effective measures to recover employee contributions owed to the Plan.

(22) Defendant Raymond Paolo and Log On America, Inc. failed to segregate Plan assets from Log On America's assets.

(23) Defendant Raymond Paolo and Log On America, Inc. caused or allowed employee contributions intended for the Plan to be used for purposes other than providing ERISA benefits.

(24) Defendant Raymond Paolo failed to monitor, control or attempt to rectify the acts of Log On America, Inc. as described in paragraphs 19, 22 and 23 above.

(25) The failure of Defendant Raymond Paolo to remit or cause the forwarding of employee contributions to the Plan resulted in losses to the Plan in the amount of the un-remitted contributions, plus lost earnings on the un-remitted contributions.

(26) The failure of Defendant Raymond Paolo to take prudent and effective measures to ensure that employee contributions were forwarded to the Plan resulted in losses to the Plan in the amount of the un-remitted contributions, plus lost earnings on the un-remitted contributions.

V.

(27) Defendant Raymond Paolo breached his fiduciary duties by failing to ensure that all assets of the plan were held in trust by causing, engaging in, or allowing the acts or omissions set forth in paragraphs 20 through 24, in violation of Section 403(a) of ERISA, 29 U.S.C. §1103(a).

(28) Defendant Raymond Paolo breached his fiduciary duties by failing to ensure the assets of the Plan did not inure to the benefit of the employer and were held for the exclusive purpose of providing benefits to participants and beneficiaries of the Plan, in violation of section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1), by causing, engaging in or allowing the acts or omissions set forth in paragraphs 20 through 24 , above.

(29) Defendant Raymond Paolo breached his fiduciary duties by failing to discharge his obligations with respect to the Plan solely in the interest of the participants and beneficiaries of the Plans and for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration, in violation of section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A), by causing, engaging in or allowing the acts or omissions set forth in paragraphs 20 through 24, above.

(30) Defendant Raymond Paolo breached his fiduciary duties by failing to discharge his obligations with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B), by causing, engaging in or allowing the acts or omissions set forth in paragraphs 20 through 24, above.

(31) Defendant Raymond Paolo breached his fiduciary duties by failing to discharge his obligations to the Plan by causing the Plan to engage in transactions that constituted the transfer or use of Plan assets by a party in interest, in violation of section 406(a)(1)(D), of ERISA, 29 U.S.C. § 1106 (a)(1)(D), by causing, engaging in or allowing the acts or omissions set forth in paragraphs 20 through 24, above.

(32) Defendant Raymond Paolo is liable for the fiduciary breaches of Log On America, Inc., pursuant to section 405(a) of ERISA, 29 U.S.C. § 1105(a), in that he either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of section 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of

section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to section 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A. Order Defendant to restore to the Plan all losses, including interest or lost earnings, which occurred as a result of his breaches of fiduciary obligations, and to correct all prohibited transactions;

B. Permanently bar Defendant from serving as a fiduciary for, or having control over the assets of, any employee benefit plan subject to ERISA;

C. Enjoin Defendant from engaging in any further violations of Title I of ERISA;

D. Award Plaintiff the costs of this action; and

E. Provide such other relief as may be just and equitable.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Donald E. d'Entremont
Attorney
MA BBO # 558834

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE 08/05/05

Complaint for Chao v. Raymond Paolo.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

RECEIVED AUG 12 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ELAINE L. CHAO, Secretary of Labor
U. S. Department of Labor,

**(b)** County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 617-565-2500
Donald E. d'Entremont, Esquire
U. S. Department of Labor/Office of Solicitor
JFK Fed. Bldg. Rm. E-375 Boston, MA 02203

**DEFENDANTS**
RAYMOND PAOLO, individually and as fiduciary of the Log On America, 401(k) Plan

County of Residence of First Listed Defendant ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

CA 05 344 T

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- [X] 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Ac
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determinatio Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): ERISA of 1974, 29 USC sec. 101 et. seq. To obtain equitable relief, to redress violations and to
Brief description of cause: obtain other equitable relief necessary to enforce the provision of Title I of ERISA

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** ______
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes [X] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 08/11/05
SIGNATURE OF ATTORNEY OF RECORD Donald E. d'Entremont, Esquire [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______